### NIPP et al. v. PARRISH et al.

(Circuit Court of Appeals, Eighth Circuit. October 8, 1894.)

#### No. 448.

PLEADING—SUFFICIENCY OF ANSWER—ACTION ON GUARANTY.

An answer to a complaint upon an alleged contract of guaranty, though loosely and inartificially drawn, and pleading the evidential instead of the ultimate facts, *held* to be sufficient, in substance, where the allegations and denials led to the conclusion that it denied that the written contract of guaranty was ever completely executed, so that it became an

existing agreement, and that it averred that the loans set forth in the complaint were negotiated under a conditional guaranty, the terms of which had not been complied with by the plaintiffs.

In Error to the Circuit Court of the United States for the District of Kansas.

Ben S. Henderson and J. D. Houston, for plaintiffs in error.

John D. S. Cook (A. N. Gossett, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The writ of error in this case was sued out to reverse a judgment upon a guaranty alleged to have been made by J. B. Nipp and Charles Coe, the plaintiffs in error, of the payment of certain mortgage loans made by Dillwyn Parrish and James Brown Potter, the defendants in error, to certain clients of the plaintiffs in error. The defendants in error made the necessary jurisdictional allegations in their complaint, and then averred that in 1887 they were engaged in loaning money on notes and mortgages upon real estate in Kansas; that Edward Austin and Charles Tindal, who formed a copartnership styled Austin & Co., were their agents to negotiate such loans, and to take notes, mortgages, and guaranties to secure the loans for them; that on June 1, 1887, the J. B. Nipp Land, Loan & Trust Company, which was a copartnership composed of the plaintiffs in error, were engaged in the business of soliciting and obtaining loans for borrowers; that on that day they made a written agreement with Austin & Co. to guaranty to them, for the benefit of their principals, the payment of the principal and interest of all mortgage loans negotiated by them through Austin & Co., the guaranty not to be considered in default until after default for 6 months in payment of the principal, or default for 60 days in the payment of the interest, and the mortgage bonds, notes, and coupons representing the principal of any such loan to be assigned without recourse to them upon payment of the principal, interest, and charges upon it in full under the guaranty; that under this guaranty the plaintiffs in error procured various loans, the amounts, terms, and securities for which are fully set out, to be made by Austin & Co. for the defendants in error; that default was made in the payment of principal and interest of each of them more than six months before this action was commenced; that the defendants in error offered to assign the securities representing them to the plaintiffs in error, and demanded payment of the amounts due upon them under the guaranty, but they refused to pay. A demurrer to this complaint was properly overruled. The plaintiff in error J. B. Nipp then answered. In his answer he admits that he and his partner signed the written agreement of guaranty pleaded in the complaint; but he avers that, at the time they signed it, there was an understanding and agreement between them and Edward Austin, who procured their signatures, that each individual member of the copartnerships of Austin & Co. and the J. B. Nipp Land, Loan & Trust Company should sign the agreement of guaranty, and that

it should be inoperative and of no effect until each of them had signed it; that Austin afterwards notified them that his firm could not execute it for some time because his partner, Tindal, was in London, where he resided; that, before it was executed by either Austin or Tindal, they discovered a verbal variance between the oral agreement they had made with Austin & Co. and the written contract of guaranty, and prevented its execution, "at which time it was understood and considered by all of said parties that said partially executed contract was void and of no effect." He then avers that after the 1st day of June, 1887, and before the complete negotiation of any of the loans referred to in the complaint, Austin & Co. claimed that there was a misunderstanding on their part of the extent of the responsibility which the land company would assume as guarantors of the loans they might negotiate with Austin & Co.; and on June 29, 1887, the plaintiff in error Charles Coe wrote Austin & Co. that the conditions on which the land company would guaranty such loans were "that upon the failure of any borrower for whom the J. B. Nipp Land, Loan & Trust Company had negotiated a loan of money from the said Austin & Co. to pay his or their interest or principal when due, after the said Austin & Co. had used reasonable diligence in making demand of said borower, and after failure to pay on demand, as aforesaid, said Austin & Co. were to immediately notify the said the J. B. Nipp Land, Loan & Trust Company of such failure to pay, and, in addition to such notice, said Austin & Co. were to transfer and assign all bonds or notes, interest coupons and all other papers connected with such loan in default, as herein alleged, to the said the J. B. Nipp Land, Loan & Trust Company, such transfer and assignment being for the purpose of collection, foreclosure, or such other action as the circumstances of each particular case required; that, upon and at the time of, the said transfer and assignment, said the J. B. Nipp Land, Loan & Trust Company, as evidence of their good faith, were to pay said Austin & Co. such sum or sums as were actually due at the time of said transfer and assignment and no more." He avers that in the same letter he notified them that, unless they accepted this offered guaranty with the conditions specified, the land company would at once place their business with some other company. He alleges that after they received this letter, and with such an understanding of the guaranty of the land company as the letter conveyed, Austin & Co. accepted the applications of the several borrowers named in the complaint, and the land company negotiated the loans and procured the securities; that Austin & Co. have failed to give to the land company immediate notice of the defaults of these borrowers as they occurred, and have failed to transfer and assign to the land company the securities as provided in the conditions of the guaranty stated in the letter of June 29th, and that the real estate which secured these loans has depreciated in value one-half. There are other allegations and denials in the answer, but none that essentially modify the effect of those we have recited, or that it is important to consider in the determination of the question now before us. The defendants in error demurred to this answer, on the grounds that it did not

state facts sufficient to constitute a defense to the complaint, and that it was inconsistent and insufficient; and the court below sustained the demurrer, and ordered judgment for the defendants in error. This ruling is assigned as error.

The answer is loosely and inartificially drawn. It pleads the evidential instead of the ultimate facts, and no court would make itself obnoxious to any just criticism if it became bewildered and lost in the wilderness of its words. But a careful examination and comparison of its seven pages of closely printed allegations and denials has led us to the conclusion that it does deny that the written contract of guaranty on which the defendants in error count was ever completely executed, so that it became an existing agreement, and that it avers that the loans set forth in the complaint were negotiated under a conditional guaranty, the terms of which have not been complied with by the defendants in error. It goes without saying that if no contract of guaranty was ever made, or if the contract of guaranty under which the loans were negotiated contained conditions that were required to be complied with by the defendants in error or their agents before any liability would attach to the plaintiffs in error, and those conditions have not been complied with, the plaintiffs in error have a defense to this action. We are of the opinion that the plaintiff in error Nipp has pleaded such a defense, and the judgment is accordingly reversed, and the cause remanded, with directions to grant a new trial.